UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

JOHN DOE, MARY DOE, and :
JAMES DOE, :
 :
    *Plaintiffs*, :
v. : No. 4:09-cv-62
 : *Mattice/Lee*
THE UNIVERSITY OF THE SOUTH, :
 :
    *Defendant*. :
 :

## **MEMORANDUM and ORDER**

Pending before the Court is the motion of Plaintiffs John Doe, James Doe, and Mary Doe seeking: (1) an order granting Plaintiffs leave to proceed in this action under pseudonyms and (2) a protective order (a) prohibiting Defendant The University of the South and its agents from disclosing, at any time, the identity of any Plaintiff to any third party other than as may be necessary to defend against this action; and (b) prohibiting any such informed third party from disclosing the identity of any Plaintiff [Doc. 3].

### I.    BACKGROUND

Plaintiffs' lengthy complaint against Defendant alleges various state and federal law claims arising out of a rape accusation by a female student against student John Doe [Doc. 1]. John Doe claims the sexual encounter was consensual. The complaint contains allegations about the events on Defendant's campus giving rise to the accusation and Defendant's investigation, handling, and resolution of the matter. The complaint seeks damages, declaratory relief, and injunctive relief.

Prior to an appearance by counsel for Defendant, a provisional order allowing Plaintiffs to

proceed pseudonymously and a protective order was issued by the Court [Doc. 5]. After two stipulated extensions of time to respond to the complaint [Doc. 8 & 9], Defendant filed a partial motion to dismiss [Doc. 10] and opposed Plaintiffs' motion to proceed pseudonymously and for a protective order [Doc. 12]. Plaintiffs' motion and Defendant's opposition were fully briefed [Doc. 4, 12 & 15] and a hearing on the motion was held July 29, 2009.[1] During the hearing, the Court agreed that the parties could submit for consideration a proposed agreed protective order, or separate proposed orders, to be provided to nonparty witnesses as necessary in lieu of the Court's previous order [Doc. 5], but no party chose to do so to date.

## II. ANALYSIS

Plaintiffs argue that revealing John Doe was accused of rape, an accusation they claim is false, is information of the utmost secrecy and potentially extremely harmful to him since electronically filed documents are now widely available online. Defendant contends the public's right to know and potential prejudice to it outweigh any privacy interest of John Doe.[2]

### A. Standards

Federal Rule of Civil Procedure 10(a) requires a complaint to state the name of all parties. Allowing a plaintiff to proceed pseudonymously is the exception, not the rule. *Doe v. Porter,* 370 F. 3d 558, 560 (6th Cir. 2004); *Endangered v. Louisville/Jefferson County Metro Gov't Dep't of Inspections*, No. 3:06CV-250-S, 2007 WL 509695, at *1 (W.D. Ky. Feb. 12, 2007). To be excused

---

[1] Attorney Charles Wayne for Plaintiffs and attorneys Rosemarie Bryan and Aaron Love for Defendant participated in the hearing.

[2] The parties appear to agree the motion involves the privacy interest of John Doe, not his parents, James Doe and Mary Doe, who seek to proceed pseudonymously to avoid identifying their son. If John Doe is required to identify himself, there is no independent basis asserted for allowing his parents to proceed pseudonymously.

from the requirement of Rule 10(a) that the complaint state the parties' names, a party must show: (1) the need for proceeding pseudonymously substantially outweighs the general presumption that a party's identity is public information and (2) the moving party's need for privacy substantially outweighs the risk of unfairness to the opposing party. *Porter*, 370 F.3d at 560; *Endangered*, 2007 WL 509695, at *1. In balancing these considerations in civil litigation, a court, in its discretion:

> may excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d at 560 (citing *Doe v. Stegall,* 653 F.2d 180, 185-86 (5th Cir.1981)); *accord Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005).

Pursuant to Fed. R. Civ. P. 26(c), on a showing of good cause a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

### B. Privacy Interest and Public Disclosure

Pertinent here is whether Plaintiffs will be compelled to disclose information "of the utmost secrecy." There appears to be no precedent directly on point and little applicable guidance as to what information is considered of the utmost secrecy such that John Doe's privacy interest outweighs the public's interest in knowing his identity in this case. While claims of sexual assault and harassment have been found not to warrant proceeding pseudonymously in some circumstances, *see, e.g.*, *F.B. v. E. Stroudsburg Univ.*, No. 3:09cv525, 2009 WL 2003363 (M.D. Pa. July 7, 2009) (denying former-student-plaintiffs' request to proceed pseudonymously against school in case

3

involving claims of sexual assault and harassment by school-officer-defendant),[3] fictitious names have been deemed appropriate when necessary to protect the privacy of some rape victims and other particularly vulnerable parties. *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) (denied the right to proceed anonymously but recognized it was appropriate for rape victims to do so); *Roe v. St. Louis Univ.*, No. 4:08CV1474JCH, 2009 WL 910738 (E.D. Mo. Apr. 2, 2009) (in a case by a student against St. Louis University the district court found it "understandable that plaintiff does not wish to be publicly identified as [a rape victim], which is a personal matter of the utmost intimacy" and allowed the plaintiff to proceed pseudonymously) (citing *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)). Neither the parties nor the Court located a case involving a privacy interest similar to John Doe's claimed interest.

Considering all relevant information, including but not limited to the essentially uncontested representations during the hearing that no criminal charges have been filed to date, that Defendant's own student disciplinary records do not reflect John Doe was accused of rape by a fellow student, that there is no known public record of the accusation, and the loss of any sort of practical anonymity due to electronic case filings, the Court concludes if Plaintiffs identify themselves, prosecution of the suit will compel Plaintiffs to disclose information of the utmost intimacy. While John Doe is not a rape *victim*, being accused of rape is a personal matter of the utmost intimacy

---

[3] As argued by Plaintiffs, although "anonymous pleading has frequently been rejected in cases alleging sexual assault[,] [t]he pattern is far from universal . . . . The divergence of outcomes in these cases reemphasize that there is unlikely to be a categorical answer to the question of anonymity across all civil cases involving sexual assault. Discretion must be exercised on a case-by-case basis, depending on the particular circumstances before the court." *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) (footnotes and citations omitted).

4

under the circumstances at issue.

The Court next turns to whether John Doe's need for proceeding pseudonymously substantially outweighs the general presumption that a party's identity is public information. Defendant knows Plaintiffs' true identities, but the public will not if Plaintiffs are allowed to proceed using fictitious names. However, the public's knowledge of the judicial proceedings will be only minimally restricted because the public will know, among other things, what is alleged to have occurred between John Doe and his fellow student, where and how the alleged occurrence took place, and how Defendant investigated and responded to the alleged occurrence. The only pertinent unknown is the identity of Plaintiffs.[4] When given an opportunity during the hearing, Defendant could not identify how the public's interest would be compromised by not knowing the identity of Plaintiffs during the pretrial stages of the litigation. In addition, Defendant essentially conceded there is nothing about the status of the Plaintiffs that would heighten any public interest beyond the normal public interest in judicial proceedings. Thus, allowing Plaintiffs to proceed pseudonymously during the pretrial stages of this matter will not obstruct the public's interest in this case in any significant way.

The Court finds John Doe's privacy interests substantially outweigh the public's interest in ascertaining the Plaintiffs' true identities. Since John Doe would be required to disclose information of the utmost intimacy during the litigation of this case and the public's interest would be minimally hampered by not disclosing his name, Plaintiffs' need for proceeding pseudonymously substantially

---

[4] To date, neither side of the litigation has revealed in the pleadings the identity of the alleged rape victim, who has been identified only as "A.B." No party sought a protective order regarding A.B.'s identity and the parties' ability to publicly reveal her identity is not addressed herein.

5

Case 4:09-cv-00062   Document 21   Filed 08/07/09   Page 5 of 7   PageID #: 141

outweighs the general presumption that a party's identity is public information.

### C. Prejudice to Defendant

The Court must also consider whether allowing Plaintiffs to proceed pseudonymously prejudices Defendant. Defendant argued it would be unfair to allow Plaintiffs, who have publicly name Defendant and its employees in their complaint, to proceed under the cloak of pseudonyms, but failed to show any actual prejudice. When given an opportunity to do so, Defendant could not specifically identify how its ability to conduct meaningful discovery, impeach John Doe's credibility, or prepare for trial would be meaningfully hindered if pseudonyms are allowed during pretrial proceedings and discovery takes place pursuant to the terms of the protective order.

Defendant pointed out that allowing Plaintiffs to proceed pseudonymously may require the Court to be more frequently involved in the discovery process, which may result in increased costs to Defendant. While increased cost is a potential prejudice, John Doe's need for privacy substantially outweighs the risk of unfairness to Defendant at this stage of the litigation. Of course, if actual prejudice develops during the discovery process such that John Doe's need for privacy no longer substantially outweighs the risk of unfairness to Defendant, the Court will be able to address the issue of continued anonymity further. At least to date, however, there has been no showing that allowing Plaintiffs to proceed pseudonymously and pursuant to a protective order will prejudice Defendant in any meaningful way.

Thus, the Court finds John Doe's need for privacy substantially outweighs the risk of unfairness to the Defendant at the present time. After balancing Plaintiffs' interests in proceeding pseudonymously against the public's interest in disclosure and prejudice to Defendant, the Court concludes the motion is well-taken and should be **GRANTED**.

### III. CONCLUSION

Accordingly, Plaintiffs' motion to proceed under pseudonyms and for a protective order [Doc. 3] is **GRANTED**. Defendant **SHALL NOT** identify any Plaintiff to any nonparty other than as may be necessary to defend against this action. Any nonparty who is informed of any Plaintiff's identity **SHALL** be provided a copy of the protective order previously entered by the Court [Doc. 5] by the disclosing party. If any party files a document in the public record that would otherwise identify Plaintiffs, the filing party shall redact personal identifiers consistent with this order and Fed. R. Civ. P. 5.2 until further order of the Court. This order is limited to pretrial proceedings and is subject to further order of the Court, specifically as it relates to trial proceedings.

In addition, Plaintiffs **SHALL** submit under seal to the clerk a copy of the complaint which names Plaintiffs within ten days of the entry of this order, which complaint the clerk is **DIRECTED** to file under seal.

SO ORDERED.

ENTER:

                                              *s/Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE