# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

JOHN DOE,

       Plaintiff

v.                                            CIVIL ACTION NO.: 13-11740

WILLIAMS COLLEGE,

       Defendant.

## WILLIAMS COLLEGE'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT AND REQUEST FOR PRELIMINARY AND PERMANENT <u>INJUNCTIVE RELIEF</u>

Defendant Williams College ("Williams" or the "College") hereby responds to the Amended Complaint of the Plaintiff, John Doe ("Plaintiff"). In response to the paragraph titled, "Nature of the Action," Williams states that this paragraph is a description of the action and legal argument to which no response is required. To the extent that a response is required, Williams denies that it violated Title IX or any other common law or statute.

### FIRST DEFENSE

Williams answers the numbered paragraphs of the Complaint as follows:

1. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2. Admitted.

3. Williams admits that Plaintiff was a full time student at the College from September 2010 until his expulsion from the College. Williams admits that Plaintiff was expelled by letter dated January 24, 2013, delivered to Plaintiff on January 30, 2013.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Williams admits that Plaintiff was a full time student at the College from September 2010 until his expulsion from the College. Williams admits that Plaintiff was expelled by letter dated January 24, 2013, delivered to Plaintiff on January 30, 2013.

9. Admitted.

10. Williams admits the allegations set forth in the first sentence of this paragraph. Williams is without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Williams states that the referenced document speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

15. Williams states that the referenced document speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

16. Williams states that the referenced document speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

17. Denied.

18. Denied.

19. Williams denies that it is biased against individuals accused of committing sexual misconduct or against male students, and denies that the Student Handbook establishes or infers any such bias. Answering further, Williams states that the referenced document speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

20. Williams denies that it is biased against individuals accused of committing sexual misconduct or against male students, and denies that the Student Handbook establishes or infers any such bias. Answering further, Williams states that the referenced document speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

21. Denied.

22. Denied.

23. Denied as stated. Williams states that during Dean Bolton's tenure at the College, it has not received any formal or informal complaints of sexual misconduct where the accused perpetrator has been a female student at the College.

24. Williams admits that after Complainant notified the College of her allegation that Plaintiff had sexually assaulted her, Williams instituted a No Contact Order between Plaintiff and Complainant to ensure the safety of both parties. In accordance with the No Contact Order, the College de-activated Plaintiff's card swipe access to Complainant's dormitory building and the dining hall facility closest to Complainant's dormitory. Williams is without knowledge or information sufficient to form a belief as to when Plaintiff discovered that his card swipe access had been de-activated. Williams denies the fourth sentence of this paragraph as stated. Williams

states that shortly after the No Contact Order had been instituted, the College's Director of Campus Safety & Security contacted Plaintiff to discuss with Plaintiff the No Contact Order.

25. Williams admits that on November 8, 2013, the College issued a No Contact Order, signed by Complainant and Plaintiff. Williams states that the referenced orders speak for themselves. Williams denies the allegations of this paragraph to the extent they differ from the content of those documents.

26. Williams states that the referenced document speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Williams denies the allegations set forth in the first sentence of this paragraph. Williams states that Complainant was interviewed on November 16, 2012 by Dave Boyer, the College's Director of Campus Safety & Security, and Alison Warner, the College's Security Supervisor. At Complainant's request, her interview was temporarily suspended, but was resumed and completed that same day. Plaintiff never made a similar request to have his interview temporarily suspended. Accordingly, Plaintiff was never denied an opportunity to suspend his interview. Williams denies the characterization of Mr. Boyer's statement as set forth in the second sentence of this paragraph.

33. Williams denies that the College's interview of Complainant was leading, impartial, suggestive, or assumed Plaintiff's liability. Williams denies that any faculty members

conducted Complainant's interview. Williams states that the statements and questions referenced in this paragraph are taken out of context and are incomplete, and that the transcript speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

34. Williams denies that Complainant was interviewed twice and denies the characterization of Mr. Boyer's statements as alleged in this paragraph. Williams states that the statements referenced in this paragraph are taken out of context and are incomplete, and that the transcript speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

35. Williams denies the characterization of Mr. Boyer's statement as alleged in this paragraph. Williams states that the statement referenced in this paragraph is taken out of context and is incomplete, and that the transcript speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that document.

36. Denied.

37. Williams admits that Dean Bolton considered the interviews of Plaintiff and Complainant, statements submitted by other individuals, as well as Plaintiff's previous disciplinary record at the College, in making her decision to suspend Plaintiff for three semesters for violation of Williams' code of conduct. Williams admits that Dean Bolton determined that taken together, Plaintiff's actions demonstrated to her a pattern of disrespectful and damaging behavior in a number of contexts. Williams denies the allegations set forth in the last sentence of this paragraph.

38. Admitted.

39. Admitted.

#25351859_v2

40. Williams admits that Dr. Shanks sent Plaintiff a letter, dated January 2, 2013, concerning the Committee Panel's hearing. Williams states that the referenced letter speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that letter.

41. Admitted.

42. Denied. Williams states that Dean Bolton's December 15, 2012 letter to Plaintiff specifically discussed Plaintiff's prior disciplinary record at the College, and that in this letter, Dean Bolton informed Plaintiff that she considered Plaintiff's prior disciplinary record in rendering her decision to suspend Plaintiff from the College for three semesters. Dr. Shanks' January 2, 2013 letter informed Plaintiff that at the hearing, Dean Bolton would outline the decision she reached and present "any evidence for it that she wishes to provide." Accordingly, Dr. Shanks' January 2, 2013 letter did not state that Plaintiff's prior disciplinary record would not or could not be used in the hearing. Dean Bolton's January 9, 2013 letter similarly did not restrict the use of or reference to Plaintiff's prior disciplinary record at the hearing.

43. Williams states that the referenced letter speaks for itself. Williams denies the allegations of this paragraph to the extent they differ from the content of that letter.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Williams denies that its panel members deliberated for one and a half weeks. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

60. Denied.

61. Denied.

62. Denied.

63. Williams admits that in Dean Bolton's opening remarks, she briefly mentioned the existence of security reports. Williams denies the remaining allegations set forth in this paragraph.

64. Denied.

65. Williams admits that Dean Johnson was present at the final meeting with Plaintiff and Dr. Shanks, but is without knowledge or information sufficient to form a belief as to Plaintiff's knowledge concerning Dean Johnson's prior involvement in the case.

66. Denied.

67. Denied.

68. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Williams denies that it is responsible for or caused any alleged economic loss to Plaintiff.

69. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## COUNT I
## Violation of 20 U.S.C. § 1681 (Title IX)

70. Williams restates its responses to paragraphs 1 through 69 of the Complaint.

71. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it violated Title IX or any other common law or statute.

72. Admitted.

73. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it violated Title IX or any other common law or statute.

74. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it violated Title IX or any other common law or statute.

75. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it violated Title IX or any other common law or statute.

76. Denied.

77. Denied.

78. Denied.

#25351859_v2

## COUNT II
## Breach of Contract

79. Williams restates its responses to paragraphs 1 through 78 of the Complaint.

80. Denied.

81. Williams denies that the Student Handbook created a contractual relationship between Williams and Plaintiff. To the extent that a contractual relationship may have existed, Williams denies that it breached Plaintiff's reasonable expectations or otherwise breached any contractual obligation.

82. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it violated Title IX or any other common law or statute.

83. Denied.

84. Denied.

85. Denied.

## COUNT III
## Breach of the Implied Covenant of Good Faith and Fair Dealing

86. Williams restates its responses to paragraphs 1 through 85 of the Complaint.

87. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it violated the implied covenant of good faith and fair dealing or any other common law or statute.

88. Denied.

## COUNT IV
## Unjust Enrichment

89. Williams restates its responses to paragraphs 1 through 88 of the Complaint.

#25351859_v2

90. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Williams denies that it has been unjustly enriched.

91. Denied.

92. Denied.

93. Williams admits that it expelled Plaintiff from the College and that Plaintiff is not eligible to complete his degree or receive his diploma from the College. Williams denies that its decision to expel Plaintiff was wrongful or violated any common law or statute.

94. Denied.

95. Williams denies each and every allegation in the complaint unless specifically admitted.

In response to Plaintiff's request for relief, Williams denies that Plaintiff is entitled to any relief of any kind whatsoever.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The complaint is barred by the Doctrine of Unclean Hands.

## FOURTH DEFENSE

Plaintiff has waived and/or is estopped from asserting the claims set forth in the complaint.

## FIFTH DEFENSE

Some or all of Plaintiff's claims for relief are barred for failure to satisfy the necessary prerequisite administrative filing requirements and/or exhaust all administrative remedies.

## SIXTH DEFENSE

The irreparable harm to the defendant that would result if the relief sought in the complaint were granted outweighs any harm alleged by Plaintiff in the complaint.

## SEVENTH DEFENSE

To the extent, if any, that Plaintiff has an adequate remedy at law, his complaint for injunctive relief is barred.

## EIGHTH DEFENSE

The defendant's conduct, as alleged in the complaint, was neither arbitrary nor capricious and the relief sought in the complaint would constitute an unreasonable and impermissible interference with the defendant's rights and duties to ensure the health and safety of all in the Williams College Community.

## NINTH DEFENSE

Defendant is a 501(C)(3) Corporation organized for nonprofit, charitable and educational purposes. Accordingly, it is partially immune from the claims asserted in the complaint under the doctrine of charitable immunity as provided by the acts and resolves of the Commonwealth.

## TENTH DEFENSE

In expelling Plaintiff, the defendant acted in good faith and on reasonable grounds, and its actions were not discriminatory or wrongful.

## ELEVENTH DEFENSE

The procedure through which Plaintiff was expelled was conducted with basic fairness, and his expulsion was consistent with the reasonable expectations of the students and the greater community at Williams College.

**TWELFTH DEFENSE**

Plaintiff's claims for relief and damages are barred to the extent that he did not incur any damages and/or has failed to mitigate his damages.

**THIRTEENTH DEFENSE**

Plaintiff has suffered no losses or injuries that were legally or proximately caused by the defendant.

**FOURTEENTH DEFENSE**

To the extent the defendant had any obligation to Plaintiff, such obligations have been fully, completely, and properly performed in all aspects.

**FIFTEENTH DEFENSE**

The defendant reserves the right to assert additional defenses or limitations on damages upon discovery of facts presently not known.

WHEREFORE, Williams College respectfully requests that:

a. the Complaint be dismissed with prejudice;

b. it be awarded its costs, including attorneys' fees; and

c. it be granted such other relief as is just and proper.

## JURY DEMAND

Williams College hereby demands a trial by jury on all of its claims so triable.

                Respectfully submitted,

                WILLIAMS COLLEGE

                By its attorneys,

                /s/*Harold W. Potter, Jr.*
                Harold W. Potter, Jr. (BBO #404240)
                *harold.potter@hklaw.com*
                Ari Zivyon (BBO #672358)
                *ari.zivyon@hklaw.com*
                Holland & Knight LLP
                10 St. James Avenue
                Boston, MA  02116
                (617) 523-2700

Dated:  September 18, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 18, 2013.

                */s/ Harold W. Potter, Jr.*
                Harold W. Potter, Jr.